**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| COLUMBIA COLLEGE CHICAGO, | ) | FILED: JUNE 3, 2008 |
| | ) | 08CV3216  PH |
| Plaintiff, | ) | JUDGE COAR |
| | ) | |
| v. | ) | No. MAGISTRATE JUDGE NOLAN |
| | ) | |
| MICHAEL DEBISH and AUDREY DEBISH, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff, Columbia College Chicago, by its attorneys, Hinshaw & Culbertson LLP, and

for its complaint against defendants Michael Debish and Audrey Debish, states as follows:

**NATURE OF THIS ACTION**

1.      This action is brought pursuant to section 502(a)(3) of the Employee Retirement

Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1132(a)(3), for remedies

permitted by that statute, including (1) an injunction to enforce the terms of an employee benefit

plan and (2) other appropriate equitable relief to enforce the terms of an employee benefit plan.

In particular, plaintiff seeks to preserve and protect the employee benefit plan's rights of

subrogation and reimbursement, as provided by the terms of the plan, with respect to the plan's

outlays of substantial sums of money to pay for medical and hospital care for defendant Audrey

Debish with respect to injuries caused to her by a third-party tortfeasor.

**PARTIES**

2.      Plaintiff Columbia College Chicago ("Columbia College") is an Illinois not-for-

profit corporation with principal place of business at 600 South Michigan Avenue, Chicago,

Illinois.

3.    Columbia College is the sponsor of the Columbia College Employee Health and Welfare Plan, a/k/a the Columbia College Employee Group Health Benefit Plan (the "Plan"). The Plan is an "employee welfare benefit plan" within the meaning of section 3(1) of ERISA, 29 U.S.C. § 1002(1), and therefore an "employee benefit plan" within the meaning of section 3(3) of ERISA. 29 U.S.C. § 1002(3).

4.    Columbia College is the "administrator" of the Plan within the meaning of section 3(16) of ERISA, 29 U.S.C. § 1002(16), and a "named fiduciary" of the Plan within the meaning of section 402(a)(2) of ERISA. 29 U.S.C. § 1102(a)(2).

5.    Defendant Michael Debish is an individual who resides at 6342 3rd Avenue, Kenosha, Wisconsin.  At all material times, defendant Michael Debish was a "participant" of the Plan within the meaning of section 3(7) of ERISA. 29 U.S.C. § 1002(7).

6.    Defendant Audrey Debish is the spouse of Michael Debish who resides at 6342 3rd Avenue, Kenosha, Wisconsin.  At all material times, defendant Audrey Debish was a "beneficiary" with respect to the Plan within the meaning of section 3(8) of ERISA. 29 U.S.C. § 1002(8).

## JURISDICTION

7.    This Court has jurisdiction over this action pursuant to section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and 28 U.S.C. § 1331.

## VENUE

8.    The Plan is administered within the Northern Judicial District of Illinois. Michael Debish, as a full-time employee of Columbia College, may be found within the Northern Judicial District of Illinois.  As a result, venue in this district is proper pursuant to section 502(e)(2) of ERISA.  29 U.S.C. § 1132(e)(2).

6323123v5 888912

## ALLEGATIONS COMMON TO ALL COUNTS

9.     On April 9, 2007, in St. Croix County, Wisconsin, defendant Audrey Debish was injured in a motor vehicle accident involving another driver, Nathan A. Lillo.

10.     Defendants Michael Debish and Audrey Debish and others have filed an action for damages in the Circuit Court of St. Croix County, Wisconsin, against Nathan A. Lillo, as an alleged tortfeasor, and his employer, JJC Enterprises, Inc., d/b/a The Greenskeepers, to recover damages for the injuries proximately caused by the motor vehicle accident.

11.     The action for damages filed by defendants Michael Debish and Audrey Debish and others in the Circuit Court of St. Croix County, Wisconsin is styled "Julie Debish, Michael Christensen and Sarah Christensen, by their guardian ad litem, Stephen A. Kosa, Audrey Debish and Michael Debish, Mary Debish v. Nathan A. Lillo, JJC Enterprises, Inc. d/b/a The Greenskeepers, State Auto Property and Casualty Insurance Company, Progressive Northern Insurance Company, Columbia College Employee Group Health Benefit Plan, and Connecticut General Life Insurance Company, Case No. 08-CV-103," and is referred hereinafter to as the "Personal Injury Action."

12.     A copy of the complaint which initiated the Personal Injury Action is attached hereto as Exhibit A.

13.     At the time of the April 9, 2007 motor vehicle accident, Audrey Debish was a "Covered Person" under the terms of the Plan.   As such, she became entitled to and received benefits from the Plan in the form of payments for medical and hospital care for the injuries she sustained in the motor vehicle accident and which are the subject of the Personal Injury Action.

14.     The medical and hospital benefits received by defendant Audrey Debish under the terms of the Plan amounted to no less than $126,941.18 in payments to health care providers. The $126,941.18 in payments to health care providers were for the treatment of the injuries

3

which defendant Audrey Debish sustained in the April 9, 2007 motor vehicle accident and which are the subject of the Personal Injury Action.

15.    The terms of the Plan include a subrogation and reimbursement provision, which requires a Covered Person who obtains a recovery from another party or an insurer for an injury for which the Plan has provided benefits to reimburse the Plan first out of such recovery.  The amount of the reimbursement required under the terms of the Plan is the amount of the benefits paid by the Plan for treatment of the injury to the Covered Person.

16.    Defendant Audrey Debish received benefits under the terms of the Plan effective March 1, 2006 and under the terms of the Plan effective October 1, 2007.  The subrogation and reimbursement provisions in the March and October Plan documents are identical.  A copy of the pertinent portions of the Plan containing the subrogation and reimbursement provision is attached hereto as Exhibit B.

17.    The subrogation and reimbursement provision of the Plan provides, in pertinent part, the following:

> If this Plan provides for Injury, Illness or other loss (the Injury) sustained by the Covered Person (the Injured Party), this Plan will be subrogated to all rights of recovery the Injured Party, his heirs, guardians, executors or other representatives may have arising from the Injury.  This Plan's subrogation rights include, but are not limited to, a right of recovery against any person, insurance company or other entity that is in any way responsible for providing compensation or other payment as a result of the Injury or Illness or other compensation or other payment as a result of the Injury or Illness or other loss.

> * * *

> The amount of this Plan's subrogation interest shall be deducted first from any recovery by or on behalf of the Injured Party or any person acting on his behalf.

> * * *

> If there is a recovery from another party or insurer, this Plan will be reimbursed first out of such recovery.  Under the terms of the Plan it is the absolute obligation of the Covered Person to reimburse the Plan if the Covered Person has already

4

recovered from the other party or an insurer, for the amount of benefits paid by
this Plan for the Injury.

18.     The subrogation and reimbursement provision of the Plan also provides, in

pertinent part, the following:

> This Plan shall be entitled to assert a lien against third parties, insurers, attorneys
> and any other persons when and as necessary in order to protect the rights of the
> beneficiaries of this Plan or Plan assets.

19.     On or about May 18, 2007, defendant Michael Debish, on his own behalf and on

behalf of his dependents including defendant Audrey Debish, executed a Subrogation and

Assignment of Benefits Agreement.  A copy of the Subrogation and Assignment of Benefits

Agreement is attached hereto as Exhibit C.  Under the Subrogation and Assignment of Benefits

Agreement Agreement, defendant Michael Debish expressly conditioned the entitlement by him

and defendant Audrey Debish to benefits under the terms of the Plan on the repayment of those

benefits to the extent any amounts are recovered from a third party responsible for providing

compensation or other payment as a result of the injury.

20.     The Subrogation and Assignment of Benefits Agreement provides, in pertinent

part, the following:

> This Plan's subrogation rights include, but are not limited to, a right of recovery
> against any person, insurance company or other entity that is in any way
> responsible for providing compensation or other payment as a result of the Injury
> or Illness or other loss.

21.     The Plan paid the benefits in accordance with the terms of the Plan and the

Subrogation and Assignment of Benefits Agreement.  Defendant Audrey Debish accepted

benefits under the terms of the Plan that imposes an express condition that she repays the

benefits to the extent that she recovers amounts from any third party responsible for her injuries.

22.     Defendants Michael Debish and Audrey Debish have affirmatively asserted in the

Personal Injury Action a state law remedy that would purportedly bar the Plan from participating

in any judgment or settlement of the Personal Injury Action and therefore have repudiated their obligations to comply with the terms of the Plan's subrogation and reimbursement provision, as well as the terms of the Subrogation and Assignment of Benefits Agreement.

## COUNT I
## (DECLARATORY JUDGMENT)

23.　　Columbia College repeats and realleges paragraphs 1 through 22 as though fully stated herein.

24.　　Both the terms of the Plan and the Subrogation and Assignment of Benefits Agreement expressly require defendants Michael Debish and Audrey Debish to reimburse the Plan first out of any recovery from another party or an insurer for the injury for which the Plan has provided benefits to defendant Audrey Debish.

25.　　Defendants Michael Debish and Audrey Debish are under an express obligation to reimburse the Plan for the amount of benefits paid by the Plan for medical and hospital treatment of the injury to defendant Audrey Debish.　Defendants Michael Debish and Audrey Debish have repudiated the Plan's rights of subrogation and reimbursement.　　The Plan is entitled to the amount of medical and hospital benefits received by defendant Audrey Debish under the terms of the Plan in payments to health care providers for the treatment of the injuries which she sustained in the April 9, 2007 motor vehicle accident.

WHEREFORE, Columbia College respectfully prays that this Court grant the following relief:

(A)　　Determine and adjudicate the rights and obligations of the parties with respect to the terms of the Plan and the Subrogation and Assignment of Benefits Agreement;

6

(B)    Find and declare that the Plan is entitled to reimbursement to the extent of the amount of medical and hospital benefits received by defendant Audrey Debish under the terms of the Plan in payments for the treatment of the injuries which she sustained in the April 9, 2007 motor vehicle accident;

(C)    Find and declare that defendants Audrey Debish and Michael Debish have an obligation to reimburse the Plan first out of any recovery from another party or an insurer for the injury for which the Plan has provided benefits to defendant Audrey Debish;

(D)    Award to Columbia College its reasonable attorneys' fees and the costs of this action   pursuant to the provisions of section 502(g) of ERISA, 29 U.S.C. § 1132(g)(1); and

(E)    Such other and further relief as this Court deems proper and just.

### COUNT II
### (STATUTORY INJUNCTION TO ENFORCE TERMS OF PLAN)

26.    Columbia College repeats and realleges paragraphs 1 through 22 as though fully stated herein.

27.    Columbia College, as fiduciary of the Plan, has no adequate remedy at law and the Plan would be irreparably harmed if relief is not granted.

WHEREFORE, Columbia College prays that this Court grant the following relief to enforce the terms of the Plan:

(A)    Entry of an order preliminarily and permanently enjoining the defendants, their agents and attorneys, or any persons acting in concert with any of them, from taking any action that would interfere or otherwise impair the Plan's rights under the terms of the Plan with respect to subrogation and reimbursement, including settling or otherwise

7

releasing any claims in the Personal Injury Action without the consent of Columbia College or the approval of this Court;

(B)    Entry of an order permanently enjoining the disposition by defendants, their agents and attorneys, or any persons acting in concert with any of them, of any proceeds of the Personal Injury Action in a manner that would interfere or otherwise impair the Plan's rights under the terms of the Plan as to subrogation and reimbursement with respect to any recovery in the Personal Injury Action;

(C)    An award to Columbia College of its reasonable attorneys' fees and the costs of this action pursuant to the provisions of section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1); and

(D)    Such other and further relief as this Court deems proper and just.

**COUNT III**
**(CONSTRUCTIVE TRUST AND EQUITABLE LIEN)**

28.    Columbia College repeats and realleges paragraphs 1 through 22 as though fully stated herein.

29.    The Personal Injury Action is a chose in action in which defendant Audrey Debish has property rights.

30.    Defendant Audrey Debish would be unjustly enriched at the expense of the Plan were she to realize a recovery from the Personal Injury Action without complying with the terms of the Plan as to the Plan's subrogation and reimbursement rights.

31.    As a result of the repudiation of the Plan's rights of subrogation and reimbursement by defendants Michael Debish and Audrey Debish, and in seeking to be unjustly enriched at the expense of the Plan, Columbia College as a fiduciary of the Plan is entitled to a constructive trust and an equitable lien on the Personal Injury Action to the extent of the amount

8

of medical and hospital benefits received by defendant Audrey Debish in payments for the treatment of the injuries which she sustained in the April 9, 2007 motor vehicle accident.

WHEREFORE, Columbia College respectfully prays that this Court grant the following relief:

(A)     Entry of judgment in favor of Columbia College and against defendant Audrey Debish imposing a constructive trust on her interest in the Personal Injury Action and all proceeds thereof, whether held in her name or in the names of persons acting in concert with her for her benefit, which are traceable to the Personal Injury Action, to the extent of the amount of medical and hospital benefits received by defendant Audrey Debish under the terms of the Plan in payments for the treatment of the injuries which she sustained in the April 9, 2007 motor vehicle accident;

(B)     Entry of judgment in favor of Columbia College and against defendant Audrey Debish recognizing and imposing an equitable lien enforceable against third parties on her interest in the Personal Injury Action and all proceeds thereof, whether held in her name or in the names of persons acting in concert with her for her benefit, which are traceable to the Personal Injury Action, to the extent of the amount of medical and hospital benefits received by defendant Audrey Debish under the terms of the Plan in payments for the treatment of the injuries which she sustained in the April 9, 2007 motor vehicle accident;

(C)     An award to Columbia College of its reasonable attorneys' fees and the costs of this action  pursuant to the provisions of section 502(g) of ERISA, 29 U.S.C. § 1132(g)(1); and

(D)      Such other and further relief as this Court deems proper and just.

Date:  June 3, 2008                          Respectfully submitted,

James Harbert
Renée O. Kelly                               COLUMBIA COLLEGE CHICAGO
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street
Suite 300                                    By:  _____s/ Renée O. Kelly_____
Chicago, IL 60601-1081                            One of Its Attorneys
312-704-3000
312/704-3001(facsimile)
jharbert@hinshawlaw.com
rkelly@hinshawlaw.com

6323123v5 888912

08CV3216        PH
JUDGE COAR
MAGISTRATE JUDGE NOLAN

# EXHIBIT A

STATE OF WISCONSIN                CIRCUIT COURT                ST. CROIX COUNTY

JULIE DEBISH, MICHAEL CHRISTENSEN AND
SARAH CHRISTENSEN
by their guardian ad litem, Stephen A. Kosa,
429 Jefferson Street
River Falls, WI 54022-0296

AUDREY DEBISH AND MICHAEL DEBISH
6342 3rd Avenue
Kenosha, WI 53143

MARY DEBISH
6342 3rd Avenue
Kenosha, WI 53143,

             Plaintiffs,

         v.

NATHAN A. LILLO
307 South Falls Street
River Falls, WI 54022

JJC ENTERPRISES, INC. DBA THE GREENSKEEPERS
Jeremy J. Crayford, Registered Agent
709 St. Croix Street
River Falls, WI 54022

STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY
CT Corporation System, Registered Agent
8040 Excelsior Drive, Suite 200
Madison, WI 53717

PROGRESSIVE NORTHERN INSURANCE COMPANY
CT Corporation System, Registered Agent
8040 Excelsior Drive, Suite 200
Madison, WI 53717

COLUMBIA COLLEGE EMPLOYEE GROUP HEALTH BENEFIT PLAN
Columbia College
600 South Michigan Avenue
Chicago. IL 60605

CONNECTICUT GENERAL LIFE INSURANCE COMPANY
CT Corporation System, Registered Agent
8040 Excelsior Drive, Suite 200
Madison, WI 53717,

             Defendants.

Case No. _____
Case Code: 30101
Case Type: PI-Auto

Bye, Goff, Rohde & Skow, Ltd.
P.O. Box 167
River Falls, WI 54022

-1-

## SUMMONS

---

THE STATE OF WISCONSIN
To each Defendant named above:

You are hereby notified that the Plaintiff named above ha filed a lawsuit or other legal

action against you.  The Complaint, which is attached, states the nature and basis of the legal

action.

Within forty-five (45) days of receiving this Summons, you must respond with a written

answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint.  The

Court may reject or disregard an Answer that does not follow the requirements of the statutes.

The Answer must be sent or delivered to the Court, at the courthouse for the county named above,

and to Bye, Goff, Rohde & Skow, Ltd., Plaintiff attorneys, whose address is shown below.  You

may have an attorney help or represent you.

If you do not provide a proper Answer within forty-five (45) days, the Court may grant

judgment against you for the award of money or other legal action requested in the Complaint,

and you may lose your right to object to anything that is or may be incorrect in the Complaint.  A

judgment may be enforced as provided by law.  A judgment awarding money may become a lien

against any real estate you own now or in the future, and may also be enforced by garnishment or

seizure of property.

BYE, GOFF, ROHDE & SKOW, Ltd.


By:    C. M. Bye, #1012649
       Attorneys for Plaintiff(s)
258 Riverside Drive, BOX 167
River Falls, Wisconsin 54022
Telephone: (715) 425-8161

Bye, Goff, Rohde & Skow, Ltd.
P.O. Box 167
River Falls, WI 54022

-2-

STATE OF WISCONSIN                CIRCUIT COURT                ST. CROIX COUNTY

JULIE DEBISH, MICHAEL CHRISTENSEN AND
SARAH CHRISTENSEN
by their guardian ad litem, Stephen A. Kosa,
429 Jefferson Street
River Falls, WI 54022-0296

AUDREY DEBISH AND MICHAEL DEBISH
6342 3rd Avenue
Kenosha, WI 53143

MARY DEBISH
6342 3rd Avenue
Kenosha, WI 53143,

                        Plaintiffs,

                                                Case No.
            v.                                  Case Code: 30101
                                                Case Type: PI-Auto
NATHAN A. LILLO
307 South Falls Street
River Falls, WI 54022

JJC ENTERPRISES, INC. DBA THE GREENSKEEPERS
Jeremy J. Crayford, Registered Agent
709 St. Croix Street
River Falls, WI 54022

STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY
CT Corporation System, Registered Agent
8040 Excelsior Drive, Suite 200
Madison, WI 53717

PROGRESSIVE NORTHERN INSURANCE COMPANY
CT Corporation System, Registered Agent
8040 Excelsior Drive, Suite 200
Madison, WI 53717

COLUMBIA COLLEGE EMPLOYEE GROUP HEALTH BENEFIT PLAN
Columbia College
600 South Michigan Avenue
Chicago, IL 60605

CONNECTICUT GENERAL LIFE INSURANCE COMPANY
CT Corporation System, Registered Agent
8040 Excelsior Drive, Suite 200
Madison, WI 53717,
                        Defendants.

Bye, Goff, Rohde & Skow, Ltd.
P.O. Box 167                                -1-
River Falls, WI 54022

## COMPLAINT

Plaintiffs allege and complain as follows:

1.      Plaintiffs, Audrey Debish and Michael Debish, reside at 6342 3rd Avenue, Kenosha, Wisconsin 53143, and are the parents of Julie Debish, a minor.

2.      Plaintiff, Mary Debish, resides at 6342 3rd Avenue, Kenosha, Wisconsin 53143, and is the mother of Plaintiffs Michael Christensen and Sara Christensen, minors.

3.      Plaintiffs, Julie Debish, date of birth November 30, 1991; Michael Christensen, date of birth May 16, 1996; and Sarah Christensen, date of birth February 3, 1998 are minors, residing at 6342 3rd Avenue, Kenosha, Wisconsin 53143 and Stephen A. Kosa, Attorney at Law, 429 Jefferson Street, P.O. Box 296, River Falls, Wisconsin 54022-0296 is the duly appointed Guardian ad Litem of said minors.

4.      Defendant, Nathan A. Lillo, resides at 307 South Falls Street, River Falls, Wisconsin 54022, and was in the scope and course of his employment with JJC Enterprises, Inc., d/b/a The Greenskeepers at all times material hereto.

5.      Defendant, JJC Enterprises, Inc., d/b/a The Greenskeepers, is a corporation whose registered agent is Jeremy J. Crayford, 709 St. Croix Street, P.O. Box 781, River Falls, Wisconsin 54022.

6.      Defendant, State Auto Property and Casualty Insurance Company, is a corporation whose registered agent is CT Corporation System, 8040 Excelsior Drive, Suite 200, Madison, Wisconsin 53717, and provided liability insurance coverage to JJC Enterprises, Inc. d/b/a The Greenskeepers and Nathan A. Lillo, as an employee in the scope of employment with JJC Enterprises, Inc. d/b/a The Greenskeepers, at all times material hereto.

7.      Defendant, Progressive Northern Insurance Company, is a corporation whose

registered agent is CT Corporation System, 8040 Excelsior Drive, Suite 200, Madison, Wisconsin 53717, provided med-pay coverage to Plaintiffs, paid health care expenses and claims to be subrogated to Plaintiffs' rights for health care payments.

8.      Defendant, Progressive Northern Insurance Company, is a corporation whose registered agent is CT Corporation System, 8040 Excelsior Drive, Suite 200, Madison, Wisconsin 53717 and provided underinsured coverage to Plaintiffs at all times material hereto. Plaintiffs make a claim for underinsured coverage to the full extent allowed by law.

9.      Defendant, Columbia College Employee Group Health Benefit Plan, is a self-funded ERISA plan, whose main office is located at Columbia College, 600 South Michigan Avenue, Chicago, Illinois 60605, and paid health care expenses and claims to be subrogated to Plaintiff Audrey Debish's rights for health care payments.

10.     Defendant, Connecticut General Life Insurance Company, is a corporation whose registered agent is CT Corporation System, 8040 Excelsior Drive, Suite 200, Madison, Wisconsin 53717, and paid health care expenses and claims to be subrogated to Plaintiffs Sarah Christensen's and Michael Christensen's rights for health care payments.

11.     On April 9, 2007, in St. Croix County, Wisconsin, the Plaintiffs, Audrey Debish, Julie Debish, Michael Christensen and Sarah Christensen, were injured as a result of a motor vehicle accident. Said injuries were proximately caused by the negligence of Nathan A. Lillo, while in the scope of his employment with JJC Enterprises, Inc. d/b/a The Greenskeepers.

12.     As a proximate result of Defendant Nathan A. Lillo's negligence, Plaintiffs, Audrey Debish, Julie Debish, Michael Christensen and Sarah Christensen, suffered personal injuries and have been damaged.

13.     Plaintiffs, Audrey Debish and Michael Debish, have been damaged and have been deprived of the services, society and companionship of Julie Debish as a proximate result of her injuries.

14.     Plaintiffs, Michael Debish and Julie Debish, have been damaged including loss of marital property and have been deprived of the services, society, companionship and consortium of Audrey Debish as a proximate result of her injuries.

15.     Plaintiff, Mary Debish, has been damaged and has been deprived of the services, society and companionship of Michael Christensen and Sarah Christensen as a proximate result of their injuries.

WHEREFORE, judgment is demanded as follows:

(1)     against the Defendants for damages and other relief in accordance with the allegations of the complaint;

(2)     dismissing parties who may have claims based on subrogation or a right to reimbursement, and barring such parties from participating in any judgment or settlement in this action; and

(3)     for costs, interest and such other relief the court deems just and proper.

Dated this 22nd day of January, 2008.

BYE, GOFF, ROHDE & SKOW, Ltd.

By:     C. M. Bye #1012649
        Attorneys for Plaintiffs

258 Riverside Drive, BOX 167
River Falls, Wisconsin 54022
Telephone: (715) 425-8161

A TWELVE PERSON JURY IS REQUESTED

Received

Feb 1 2008

at GENERAL COUNSELS OFFICE

4:34 pm

JAN 2 8 2008

08CV3216        PH
JUDGE COAR
MAGISTRATE JUDGE NOLAN

# EXHIBIT B

# EMPLOYEE HEALTH BENEFIT

# PLAN DOCUMENT FOR

# COLUMBIA COLLEGE

**EFFECTIVE: MARCH 1, 2006**

# SUBROGATION

If this Plan provides for Injury, Illness or other loss (the Injury) sustained by the Covered Person (the Injured Party), this Plan will be subrogated to all rights of recovery the Injured Party, his heirs, guardians, executors or other representatives may have arising from the Injury. This Plan's subrogation rights include, but are not limited to, a right of recovery against any person, insurance company or other entity that is in any way responsible for providing compensation or other payment as a result of the Injury or Illness or other loss. This Plan's subrogation rights include a right of recovery under no fault, personal injury protection, Medpay, financial responsibility, uninsured motorist, underinsured motorist insurance coverages or medical reimbursement insurance, specific risk insurance, "school" or "team" insurance, workers' compensation and third party liability.

The Injured Party and any person acting on his behalf may be requested to provide this Plan with information this Plan believes necessary to protect its right of subrogation. If such a request is made, the Injured Party and any person acting on his behalf are obligated to provide this Plan with such information and to do nothing to prejudice this Plan's right of subrogation.

Notification of this Plan's right of subrogation is sufficient to protect this Plan's subrogation interest and the initiation of or intervention in any legal action shall not be required or necessary to establish this Plan's right of subrogation. This Plan shall be entitled to assert a lien against third parties, insurers, attorneys and any other persons when and as necessary in order to protect the rights of the beneficiaries of this Plan or Plan assets.

The amount of this Plan's subrogation interest shall be deducted first from any recovery by or on behalf of the Injured Party or any person acting on his behalf. This Plan shall not be responsible for expenses or fees incurred in connection with any recovery unless this Plan shall have agreed in writing to pay a portion of those expenses or fees. This Plan reserves the right to initiate an independent action in the name of the Injured Party or his representative to recover its subrogation interest.

## HOW SUBROGATION WORKS

When a Covered Person submits an injury claim to this Plan, the Claims Administrator will request additional information regarding how, when and where the Injury occurred and the names and addresses of all persons and

:

insurers involved. A Subrogation and Assignment of Benefits Agreement will be sent to the Covered Person for his signature. As a condition of payment, the Covered Person is required to sign the Agreement. The Agreement shall read:

"As a condition of eligibility to receive benefits under this Plan, each Covered Person (including the employee on his own behalf, and on behalf of his dependents) agrees that the Company shall be subrogated to his rights to recovery of damages, to the extent benefits are provided under this Plan, for Illness or Injury to himself or of any Covered Person, and hereby assigns to the Company such cause of action. This Plan's subrogation rights include, but are not limited to, a right of recovery against any person, insurance company or other entity that is in any way responsible for providing compensation or other payment as a result of the Injury or Illness or other loss.

In the event that any Covered Person must accept personal responsibility for or contract to pay his own special damages in order to recover them, he hereby accepts such personal responsibility and makes such contract to the extent necessary to make assignment to the Company effective and valid."

**Benefits will be withheld until the information and signed Agreement is received.**

It is important that the Covered Person respond to this request so this Plan will have the information necessary to process the bills and protect its right of subrogation. If the Claims Administrator believes another party, insurer or other entity may be responsible for providing compensation or other payment regarding the Injury, it will notify the appropriate party of this Plan's subrogation interest.

If there is a recovery from another party or insurer, this Plan will be reimbursed first out of such recovery. Under the terms of the Plan it is the absolute obligation of the Covered Person to reimburse the Plan if the Covered Person has already recovered from the other party or an insurer, for the amount of benefits paid by this Plan for the Injury. Failure to reimburse the Plan shall permit the Plan to off set the amount due against the Covered Person's future claims submitted by covered members of his or her family. This Plan's subrogation right is subject to ERISA, which preempts individual state law.

# EMPLOYEE HEALTH BENEFIT

# PLAN DOCUMENT FOR

# COLUMBIA COLLEGE

**EFFECTIVE: OCTOBER 1, 2007**

## SUBROGATION

If this Plan provides for Injury, Illness or other loss (the Injury) sustained by the Covered Person (the Injured Party), this Plan will be subrogated to all rights of recovery the Injured Party, his heirs, guardians, executors or other representatives may have arising from the Injury. This Plan's subrogation rights include, but are not limited to, a right of recovery against any person, insurance company or other entity that is in any way responsible for providing compensation or other payment as a result of the Injury or Illness or other loss. This Plan's subrogation rights include a right of recovery under no fault, personal injury protection, Medpay, financial responsibility, uninsured motorist, underinsured motorist insurance coverages or medical reimbursement insurance, specific risk insurance, "school" or "team" insurance, workers' compensation and third party liability.

The Injured Party and any person acting on his behalf may be requested to provide this Plan with information this Plan believes necessary to protect its right of subrogation. If such a request is made, the Injured Party and any person acting on his behalf are obligated to provide this Plan with such information and to do nothing to prejudice this Plan's right of subrogation.

Notification of this Plan's right of subrogation is sufficient to protect this Plan's subrogation interest and the initiation of or intervention in any legal action shall not be required or necessary to establish this Plan's right of subrogation. This Plan shall be entitled to assert a lien against third parties, insurers, attorneys and any other persons when and as necessary in order to protect the rights of the beneficiaries of this Plan or Plan assets.

The amount of this Plan's subrogation interest shall be deducted first from any recovery by or on behalf of the Injured Party or any person acting on his behalf. This Plan shall not be responsible for expenses or fees incurred in connection with any recovery unless this Plan shall have agreed in writing to pay a portion of these expenses or fees. This Plan reserves the right to initiate an independent action in the name of the Injured Party or his representative to recover its subrogation interest.

## HOW SUBROGATION WORKS

When a Covered Person submits an injury claim to this Plan, the Claims Administrator will request additional information regarding how, when and where the Injury occurred and the names and addresses of all persons and

insurers involved. A Subrogation and Assignment of Benefits Agreement will be sent to the Covered Person for his signature. As a condition of payment, the Covered Person is required to sign the Agreement. The Agreement shall read:

"As a condition of eligibility to receive benefits under this Plan, each Covered Person (including the employee on his own behalf, and on behalf of his dependents) agrees that the Company shall be subrogated to his rights to recovery of damages, to the extent benefits are provided under this Plan, for Illness or Injury to himself or of any Covered Person, and hereby assigns to the Company such cause of action. This Plan's subrogation rights include, but are not limited to, a right of recovery against any person, insurance company or other entity that is in any way responsible for providing compensation or other payment as a result of the Injury or Illness or other loss.

In the event that any Covered Person must accept personal responsibility for or contract to pay his own special damages in order to recover them, he hereby accepts such personal responsibility and makes such contract to the extent necessary to make assignment to the Company effective and valid."

**Benefits will be withheld until the information and signed Agreement is received.**

It is important that the Covered Person respond to this request so this Plan will have the information necessary to process the bills and protect its right of subrogation. If the Claims Administrator believes another party, insurer or other entity may be responsible for providing compensation or other payment regarding the Injury, it will notify the appropriate party of this Plan's subrogation interest.

If there is a recovery from another party or insurer, this Plan will be reimbursed first out of such recovery. Under the terms of the Plan it is the absolute obligation of the Covered Person to reimburse the Plan if the Covered Person has already recovered from the other party or an insurer, for the amount of benefits paid by this Plan for the Injury. Failure to reimburse the Plan shall permit the Plan to off set the amount due against the Covered Person's future claims submitted by covered members of his or her family. This Plan's subrogation right is subject to ERISA, which preempts individual state law.

---

08CV3216        PH
JUDGE COAR
MAGISTRATE JUDGE NOLAN

# EXHIBIT C

05/18/2007  16:10  3123448738                FACILITIES                    PAGE  03
05/18/2007  13:42 FAX  1 708 798 7533        BAS                           @002/003

## SUBROGATION AND ASSIGNMENT OF BENEFITS AGREEMENT

As a condition of eligibility to receive benefits under this Plan, each covered person (including the employee on his own behalf; and on behalf of his dependents) agrees that the Company shall be subrogated to his rights to recovery of damages, to the extent benefits are provided under this Plan, for illness or injury to himself or of any covered person, and hereby assigns to the Company such cause of action. This Plan's subrogation rights include, but are not limited to, a right of recovery against any person, insurance company or other entity that is in any way responsible for providing compensation or other payment as a result of the Injury or Illness or other loss.

In the event that any Covered Person must accept personal responsibility for or contract to pay his own special damages in order to recover them, he hereby accepts such personal responsibility and makes such contract to the extent necessary to make assignment to the Company effective and valid.

**Failure to provide as many details as possible regarding the incident from which the injury/illness occurred may result in withholding of benefits until the information is received.  IF A POLICE REPORT WAS FILED, INCLUDE A COPY.**

1.  Date of Incident:  _APRIL 9, 2007_

2.  Describe what happened, where, and who else was involved.  If necessary, attach a separate sheet of paper.
    _SEE POLICE REPORT - 9 PAGES_

3.  Other driver's name:  _LILLO, NATHAN_

4.  If this was an accident involving a vehicle:
    Name of your Auto Insurance:  _PROGRESSIVE NORTHERN INSURANCE Co._
    Auto Insurance Policy #: _45718532-6_ _____ Claim #: _____
    Address: _PO Box 6807 CLEVELAND OH_ ____ Phone #: _____
    _44101_
    Other driver's Auto Insurance Company:  _STATE AUTO_
    Auto Insurance Policy #: _____ Claim #: _____
    Address: _____ Phone #: _____

5.  If the incident did not involve a vehicle, is there:
    Homeowner's Insurance? Company name: _____
    Homeowner's Policy #: _____ _N/A_ _____ Claim #: _____
    Address: _____ Phone #: _____

    Liability Insurance (from a store, restaurant, etc.)?
    Name of Business: _____
    Address: _____ _N/A_ Phone #: _____
    Business' Liability Insurance Company Name: _____
    Address: _____ Phone #: _____

6.  Name of your Attorney (if any): _CHUCK M. BYE_
    Address: _258 RIVERSIDE DR.  RIVER FALLS WI 54022_
    Phone #: _715 - 425 - 8161_
    *As a condition of payment, the Covered Person is required to sign and return this Agreement*

Name of Employer providing Health Care Benefits: _COLUMBIA COLLEGE CHICAGO_

Employee's Signature: _[signature]_ _____ Employee's Soc. Sec. #: _____
Patient's Signature (or parent or guardian): _[signature]_ _____ Date: _5/18/07_

## SUBROGATION PLAN LANGUAGE

**Subrogation/Right of Recovery**

When the plan pays for expenses that were either the result of the alleged negligence, or which arise out of any claim or cause of action which may accrue against any third party responsible for injury or death to the Covered Employee or Dependent of the Covered Employee (hereinafter named the Covered Person) by reason of their eligibility for benefits under the Plan, the Plan has a right to equitable restitution and will advance benefits if the Covered Person agrees to the following.

The Covered Person will reimburse the Plan out of the Covered Person's recovery for all benefits paid by the Plan. The Plan will be reimbursed in full prior to the Covered Person receiving any monies recovered from any party or their insurer as a result of judgment, settlement or otherwise. The duty and obligation to reimburse the Plan also applies to any insurance. The Covered Person is obligated to repay the Plan even if the Covered Person is not fully compensated or made-whole from any money they receive. The Covered Person agrees to include the Plan's name as a co-payee on any settlement check. The Plan is paying benefits in reliance upon the Covered Person's agreement to the terms contained in this section.

The Plan has the right to the Covered Person's full cooperation in any case involving the alleged negligence of a third party. In such cases, the Covered person is obligated to provide the Plan with whatever information, assistance, and records the Plan may require to enforce the rights in this provision. The Covered Person further agrees that in the event that the Plan has reason to believe that the Plan may have a subrogation lien, the Plan will require the Covered Person to complete a subrogation questionnaire, sign an acknowledgment of the Plan's Subrogation rights and an agreement to provide ongoing information; before the Plan pays, or continues payments of claims according to its terms and conditions. Upon receipt of the requested materials, the Plan will commence, or continue, payments of claims according to its terms and conditions provided that said payment of claims in no way prejudices the Plan's rights. If the Covered Person does not agree to the terms and conditions of the Plan's Subrogation Provision, related claims may be subject to disqualification, denial or loss of benefits.

The Plan may, but is not obligated to, take any legal action it sees fit against the third party or the Covered Person, to recover the benefits the Plan has paid. The Plan's exercise of this right will not affect the Covered Person's right to pursue other forms of recovery, unless the Covered Person and his legal representative consent otherwise.

In the event that the Claims Payer determines that a subrogation recovery exists, the Claims Payer retains the right to employ the services of an attorney to recover money due to the Plan. The Covered Person agrees to cooperate with the attorney who is pursuing the subrogation recovery. The compensation that the Plan's attorney receives will be paid directly from the dollars recovered for the Plan.

The Plan specifically rejects the "common fund" doctrine, whereas, it has no duty or obligation to pay a fee to the Covered Person's attorney for the attorney's services in making any recovery on behalf of the Covered Person.

The covered Person is obligated to inform their attorney of the subrogation lien and to make no distributions from any settlement or judgment which will in any way result in the Plan receiving less than the full amount of its lien without the written approval of the Plan.

The Covered Person further agrees that he will not release any third party or their insurer without prior written approval from the Plan, and will take no action which prejudices the Plan's subrogation right.

The Covered Person agrees to refrain from characterizing any settlement in any manner so as to avoid repayment of the Plan's lien or right to reimbursement.

The Plan Administrator retains discretionary authority to interpret this and all other plan provisions and the discretionary authority to determine the amount of the lien.

The Plan pays secondary to any and all PIP, Med-Pay or No-Fault coverage. The Plan has no duty of obligation to pay any claims until PIP, Med-Pay or No-Fault coverage is exhausted. In the event that the Plan pays claims that should have been paid by PIP, Med-Pay or No-Fault coverage under this provision, then the Plan has a right of recovery from the PIP, Med-Pay or No-Fault carrier.

In the case of a Michigan insured who is covered by Michigan No-Fault coverage, the Plan will not pay claims until and unless all of the Michigan No-Fault coverage is exhausted first.

Under the terms of the Plan, it is the absolute obligation of the Covered Person to reimburse the Plan if the Covered Person recovers from the other party or insurer, without the Plan's knowledge, for the amount of benefits paid by the Plan for the Injury, Illness or Death.

Failure to reimburse the Plan shall permit the Plan to offset the amount due against the Covered Persons' future claims submitted by covered members of his or her family. This Plan's subrogation right is subject to ERISA, which preempts individual state law.